**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-4837

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WYNN ROBERT WALKER,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem. Frank W. Bullock, Jr., District Judge. (CR-94-126)

Argued: December 3, 2004          Decided: January 4, 2005

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Brian Michael Aus, Durham, North Carolina, for Appellant. Sandra Jane Hairston, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee. **ON BRIEF:** Anna Mills Wagoner, United States Attorney, Angela H. Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Wynn Robert Walker appeals the district court's imposition of a 21-month prison sentence following the revocation of his supervised release. We affirm.

In 1994, Walker was convicted of bank robbery in violation of 18 U.S.C. § 2113(a) and was sentenced to 105 months of imprisonment to be followed by three years of supervised release. In 2003, the district court revoked Walker's supervised release based on his admitted drug use. Because Walker's 1994 conviction is a Class C felony, see 18 U.S.C. § 3559(a)(3), he was subject to a potential maximum term of imprisonment of 24 months for the supervised release violation. See 18 U.S.C. § 3583(e)(3). The probation officer noted this fact in Walker's violation report, and he also noted that under the applicable Policy Statement -- U.S.S.G. § 7B1.4 -- the guideline range for Walker's violation was 21 to 24 months because it is a Grade B violation.[*] Without objection, the district court sentenced Walker to a term of 21 months of imprisonment.

On appeal, Walker argues that his supervised release violation is a Grade C violation under § 7B1.4 and that his sentencing range

---

[*]Because Walker's original criminal history category was Category VI, the range set forth for his Grade B violation in § 7B1.4(a) is 21-27 months. However, pursuant to § 7B1.4(b)(3)(A), the applicable range became 21-24 months because the sentence cannot be greater than the maximum term of imprisonment authorized by statute.

2

therefore should have been 8-14 months.  Because he did not present this argument in the district court, we review for plain error. Under the plain error standard, Walker must show that (1) an error occurred, (2) the error was plain, and (3) the error affected his substantial rights.  United States v. Olano, 507 U.S. 725, 732 (1993).  Even when these conditions are satisfied, we may exercise our discretion to notice the error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  Id. (internal quotation marks omitted).

As a Chapter 7 Policy Statement, § 7B1.4 is a "non-binding advisory" guide.  United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995).  Regardless of whether Walker's violation is classified under § 7B1.4 as a Grade B violation or a Grade C violation, the district court was authorized under § 3583(e)(3) to sentence him to a term of imprisonment not to exceed 24 months.  Under these circumstances, we conclude that Walker has failed to establish that the district court plainly erred (if it erred at all) in sentencing him to a term of imprisonment of 21 months.

Accordingly, we affirm the judgment of the district court.

AFFIRMED